

**FILED**
**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, AND HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>    v.<br><br>INDUSTRIAL TRANSPORT, INC., an Ohio corporation,<br><br>    Defendant. | **08 C 635**<br><br>**JUDGE LINDBERG**<br>**MAGISTRATE JUDGE COLE**<br><br>Case No.<br><br>Honorable<br>District Judge |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Plaintiffs Central States, Southeast and Southwest Areas Health and Welfare Fund ("Welfare Fund"), and Howard McDougall, trustee (collectively the "Funds") complaining of Defendant Industrial Transport, Inc., an Ohio corporation ("Industrial Transport"), allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension and Welfare Funds by Defendant. Jurisdiction

is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and the Funds Trust Agreements.

2. The Funds are each an "employee benefit plan" as that term is defined in ERISA and is administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the Funds Trust Agreements.

## PARTIES AND RELATIONSHIPS

3. The Funds are each an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

4. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries and paying the administrative expenses of the Funds.

5. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Funds as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

6. Defendant Industrial Transport is an Ohio corporation with its principal place of business located in the State of Ohio. Industrial Transport is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(c) of ERISA.

7. Local Union No. 299 of the IBT ("Local 299") is a labor organization which represented, for the purpose of collective bargaining, certain employees of Industrial Transport and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

8. For all periods relevant, Industrial Transport was signatory to Collective Bargaining Agreements with Local 299. Pursuant to these agreements, Industrial Transport agreed to pay contributions to the Funds on behalf of covered employees.

9. Industrial Transport also entered into a Participation Agreement pursuant to which it agreed to pay contributions to the Funds.

10. Industrial Transport also agreed to be bound by the Funds Trust Agreements. The Funds Trust Agreements required Industrial Transport to "make continuing and prompt payments to the [Funds] as required by the applicable collective bargaining agreements."

11. The Funds rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

12. During the period of January 2000 through December 2007, Industrial Transport reported employee work history to the Funds.

13. Pursuant to the Funds Trust Agreements, the Funds are permitted to audit work history records of participating employers' records in order to verify the accuracy and completeness of the employee work history reported by participating employers.

14. The Funds audited Industrial Transport's records to verify the accuracy and completeness of employee work history reported to the Funds by Defendant pursuant to the Collective Bargaining Agreements and the Funds Trust Agreements.

15. The audit revealed that Industrial Transport breached the Collective Bargaining Agreements and the Participation Agreement by failing to submit employer contributions to the Pension Fund on behalf of all covered employees.

16. Pursuant to rules promulgated by the Trustees in accordance with the Pension Fund Trust Agreement and Section 502(g)(2)(d) and (e) of ERISA, 29 U.S.C. §1132(g)(2)(d) and (e), Industrial Transport is required to pay all audit fees and costs incurred by the Pension Fund in connection with the audit of the records of Industrial Transport.

17. The Funds Trust Agreements provide that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire

judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## **STATUTORY AUTHORITY**

18. Section 515 of ERISA, 29 U.S.C. §1145, provides:

Sec. 515. Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A)   the unpaid contributions,

   (B)   interest on the unpaid contributions,

   (C)   an amount equal to the greater of --

      (i)   interest on the unpaid contributions, or

      (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)   such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

20. Defendant breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Funds Trust Agreements by failing to pay all the contributions (and interest due thereon) which were revealed to be owed to the Pension Fund by the audit.

21. Upon information and belief, Defendant breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Funds Trust Agreements by failing to pay all contributions (and interest due thereon) owed to the Pension Fund for unaudited periods.

22. Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions to the Funds, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 20 and 21.

23. Defendant owes to the Pension Fund the amount of $91,203.00 for unpaid contributions and interest and Defendant owes to the Welfare Fund the amount of $2,309.85 for unpaid contributions and interest as a result of the conduct set forth in paragraph 20.

24. Defendant owes to the Funds amounts that are currently not known with specificity, but will be determined in the course of discovery, in unpaid contributions and interest as a result of the conduct set forth in paragraph 21.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, et al., request the following relief against Defendant Industrial Transport, Inc., an Ohio corporation:

(a) A judgment against Defendant in favor of the Pension Fund for all contributions that are owed as of the date of the judgment based upon employee work history reported by Defendant, plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs and audit fees and costs incurred by Plaintiffs in connection with this action;

(b) Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(c) That this Court retain jurisdiction of the cause pending compliance with its orders; and

(d) Such further or different relief as the Court may deem proper and just.

                Respectfully submitted,

                /s/Anthony E. Napoli
                Anthony E. Napoli
                Attorney for Plaintiffs
                Central States, Southeast and
                Southwest Areas Pension Fund
                9377 W. Higgins Road, 10th Floor
                Rosemont, Illinois  60018-4938
                (847) 518-9800, Ext. 3702
                ARDC # 06210910
                tnapoli@centralstatesfunds.org