IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, AND HOWARD McDOUGALL, trustee, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 0635 |
| v. | ) ) ) | Honorable George W. Lindberg District Judge |
| INDUSTRIAL TRANSPORT, INC., an Ohio corporation, | ) ) ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF JUDGMENT PURSUANT
TO SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (hereinafter "Pension Fund") and Central States, Southeast and Southwest Areas Health and Welfare Fund, (hereinafter "Welfare Fund"), and Howard McDougall, trustee, hereby move this Court for the entry of order of Judgment in accordance with the Settlement Agreement and Limited Release against Defendant Industrial Transport, Inc., an Ohio corporation ("Industrial Transport").  In support of this motion, Plaintiffs state as follows:

1. On January 29, 2008, Plaintiffs filed this lawsuit to collect delinquent employer contributions and other statutory damages owed by Industrial Transport to the Pension Fund and the Welfare Fund pursuant 29 U.S.C. §1001, et seq.

2. By Minute Order dated April 10, 2008, the Court dismissed this case without prejudice and with leave to reinstate on or before June 30, 2008 pursuant to the Settlement

Agreement. (A true and genuine copy of the Minute Order is attached hereto as Exhibit 1 and is incorporated herein by reference).

3. On April 9, 2008, Industrial Transport entered into a Settlement Agreement and Limited Release with the Funds relating to the delinquent employer contribution obligations due by Industrial Transport to the Funds (hereinafter "Settlement Agreement"). (A true and genuine copy of the Settlement Agreement is attached as Exhibit 4 to the George-Roberson Affidavit and is incorporated herein by reference; ¶ 10 of the Affidavit of JoEvelyn George-Roberson (hereinafter "George-Roberson Affidavit ¶__"), a true and genuine copy of which is attached as Exhibit 2).

4. Pursuant to the Settlement Agreement, Industrial Transport agreed to pay to the Pension Fund and Welfare Fund the amount of $76,613.62 payable in four (4) monthly installment payments as follows: (1) March 15, 2008 in the amount of $23,204.54; (2) April 15, 2008 in the amount of $23,204.54; (3) May 15, 2008 in the amount of $23,204.54; and (4) June 15, 2008 in the amount of $7,000.00. (Settlement Agreement ¶ 1; George-Roberson Affidavit ¶ 11").

5. Industrial Transportation made the March 15, 2008 payment in the amount of $23,204.54 and the April 15, 2008 payment in the amount of $23,204.54, however, Industrial Transport has failed and refused to make any further payments as required by the Settlement Agreement. (George-Roberson Affidavit ¶ 12).

6. Industrial Transport breached the Settlement Agreement, and since May 2008, Industrial Transport has not made the required monthly payments to the Pension Fund pursuant to the Settlement Agreement. Industrial Transport has paid all amounts owed to the Welfare Fund. (George-Roberson Affidavit ¶ 13).

7. Industrial Transport is in default as the term is defined in the Settlement Agreement. (Settlement Agreement ¶ 2; George-Roberson Affidavit ¶ 14).

8. The Settlement Agreement provides that if Industrial Transport defaulted on its obligations under the Settlement Agreement, the Pension Fund and Welfare Fund would be entitled to a judgment in the Lawsuit as follows: (1) the remaining outstanding contributions owed shall be immediately due and payable; (2) the full amount of interest and liquidated damages on any monthly contributions that are past due at the time of the default; and (3) all attorneys' fees and costs incurred by the Funds to enforce the Settlement Agreement. (Settlement Agreement ¶2; George-Roberson Affidavit ¶ 15).

9. Presently, Industrial Transport owes delinquent contributions to the Pension Fund as follows:

|  | Pension Fund |
|---|---|
| Delinquent contributions: | |
| January 2008 - April 2008 | $35,629.21 |
| Interest thru 5/31/08 | 179.47 |
| Liquidated Damages at 20% | 7,125.84 |
| Total: | $42,934.52 |

Interest and liquidated damages continue to accrue. (A true and genuine copy of the Pension Fund's billing records for Industrial Transport are attached as Exhibit 5 and are incorporated herein by reference; George-Roberson Affidavit ¶ 16).

10. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

    (i)    the unpaid contributions;
    (ii)   interest on the unpaid contributions;

    (iii)    an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

    (iv)    reasonable attorney's fees and costs.

(George-Roberson Affidavit ¶ 17).

11.    Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (George-Roberson Affidavit ¶ 18).

12.    Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions. (George-Roberson Affidavit ¶ 19).

13.    Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged. (George-Roberson Affidavit ¶ 20).

14.    Pursuant to the provisions of the Pension Fund's Plan, the Pension Fund is required to and do provide credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions. (George-Roberson Affidavit ¶ 21).

15. The Pension Fund has incurred attorneys' fees in total amount of $4,000.00 and costs in the total amount of $405.00 in this case. (Affidavit of Anthony E. Napoli ¶¶3-6 which is attached hereto as Exhibit 3 and is incorporated herein by reference).

16. Plaintiffs request entry of judgment against Industrial Transport and in the amount of $47,339.52.

17. Attached hereto as Exhibit 6 is a proposed Judgment Order.

WHEREFORE, plaintiffs Central States, Southeast and Southwest Areas Pension Fund, et al., respectfully request judgment in favor of plaintiffs as follows:

A. That judgment is entered in favor of the Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee and against Defendant Industrial Transport, Inc., an Ohio corporation in the amount of $47,339.52 pursuant to 29 U.S.C. § 1132(g)(2).

B. That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

C. Specifically excluded from this judgment and not barred under claim preclusion are any claim for employer contributions (or interest and statutory damages thereon) for any period of time on behalf of employees whose work history was not reported or was inaccurately reported to the Pension Fund.

D. For such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org