# Exhibit 2

Case 1:08-cv-00635   Document 20-3   Filed 06/04/2008   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, AND HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>INDUSTRIAL TRANSPORT, INC., an Ohio corporation,<br><br>    Defendant. | Case No. 08 C 0635<br><br>Honorable George W. Lindberg<br>District Judge |

### AFFIDAVIT OF JOEVELYN GEORGE-ROBERSON

State of Illinois   )
                      ) SS
County of Cook  )

I, JoEvelyn George-Roberson, having been duly sworn on oath, depose and state as follows:

1. I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Welfare Fund") (hereinafter collectively referred to as the "Funds"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. I am responsible for managing the collection of past due employer contributions owed to the Funds, including past due employer contributions owed by

Defendant Industrial Transport, Inc., an Ohio corporation (hereinafter "Industrial Transport").

3. The Funds are each an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

4. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Funds as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

5. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries and paying the administrative expenses of the Funds.

6. In the regular course of business, the Funds keep and maintain files relating to employers that participate in the Funds. Industrial Transport is an employer that participates in the Funds pursuant to collective bargaining agreements by and between Industrial Transport and Local Union No. 299 of the IBT (hereinafter "Collective Bargaining Agreements").

7. In the regular course of business, the Funds keep and maintain files relating to employers that participate in the Funds. The Funds have maintained a file related to the contributions owed by Industrial Transport and the Funds' collection of past due employer contributions owed by Industrial Transport to the Funds. The file is under my dominion and control.

8. Industrial Transport has breached the Collective Bargaining Agreements and is delinquent in the payment of monthly employer contributions to the Funds.

9. On January 29, 2008, the Funds filed a lawsuit to collect the employer contributions due from Industrial Transport to the Funds ("Lawsuit").

10. On April 9, 2008, Industrial Transport entered into a Settlement Agreement and Limited Release with the Funds relating to the delinquent employer contribution obligations due by Industrial Transport to the Funds (hereinafter "Settlement Agreement"). A true and genuine copy of the Settlement Agreement is attached hereto as Exhibit 4 and is incorporated herein by reference.

11. Pursuant to the Settlement Agreement and Limited Release ("Settlement Agreement"), Industrial Transport agreed to pay to the Pension Fund and Welfare Fund the amount of $76,613.62 payable in four (4) monthly installment payments as follows: (1) March 15, 2008 in the amount of $23,204.54; (2) April 15, 2008 in the amount of $23,204.54; (3) May 15, 2008 in the amount of $23,204.54; and (4) June 15, 2008 in the amount of $7,000.00. (¶ 1 of the Settlement Agreement (hereinafter "Settlement Agreement ¶ __"); a true and genuine copy of the Settlement Agreement is attached as Exhibit 4 and is incorporated herein by reference).

12. Industrial Transportation made the March 15, 2008 payment in the amount of $23,204.54 and the April 15, 2008 payment in the amount of $23,204.54, however, Industrial Transport has failed and refused to make any further payments as required by the Settlement Agreement.

13. Industrial Transport breached the Settlement Agreement in that since May 2008, Industrial Transport has not made the required monthly installment payments pursuant to the Settlement Agreement and has also failed to pay ongoing monthly

contributions to the Pension Fund. Industrial Transport has paid all past due amounts owed to the Welfare Fund.

14. Industrial Transport is in default as the term is defined in the Settlement Agreement. (Settlement Agreement ¶2).

15. The Settlement Agreement provides that if Industrial Transport defaulted on any of its obligations under the Settlement Agreement, the Funds would be entitled to a judgment in the Lawsuit as follows: (1) the remaining outstanding contributions owed shall be immediately due and payable; (2) the full amount of any monthly contributions, plus interest and liquidated damages on any monthly contributions that are past due; and (3) all attorneys' fees and costs incurred by the Funds to enforce the Settlement Agreement. (Settlement Agreement ¶2).

16. Presently, Industrial Transport owes delinquent contributions to the Pension Fund as follows:

|  | Pension Fund |
|---|---|
| Delinquent contributions: | |
| January 2008 – April 2008 | $35,629.21 |
| Interest thru 5/31/08 | 179.47 |
| Liquidated Damages at 20% | 7,125.84 |
| Total: | $42,934.52 |

Interest and liquidated damages continue to accrue. (A true and genuine copy of the Pension Fund's billing records for Industrial Transport are attached hereto as Exhibit 5 and are incorporated herein by reference).

17. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Funds are entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

       (i)    the unpaid contributions;
       (ii)   interest on the unpaid contributions;

  (iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

  (iv) reasonable attorney's fees and costs.

18. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

19. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

20. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

21. Pursuant to the provisions of the Pension Fund's Plan, the Pension Fund is required to and do provide credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions.

**FURTHER AFFIANT SAYETH NOT.**

_____
Jobvelyn George-Roberson

Subscribed and sworn to before me,
a Notary Public, this __4__ day of
June 2008.
_____
Notary Public

Official Seal
Crystal L Hamilton
Notary Public State of Illinois
My Commission Expires 07/21/2009