# Exhibit 4

## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Limited Release is made this ___ day of March 2008, by and between Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund ("Welfare Fund"), and Howard McDougall, Trustee, (hereinafter collective referred to as the "Funds"), on the one hand, and Industrial Transport, Inc., an Ohio corporation ("Industrial Transport"), on the other hand.

### RECITALS

**WHEREAS**, the Funds are multiemployer plans within the meaning of Sections 3(37) and 4001(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(37) and 1301(a)(3); and

**WHEREAS**, Howard McDougall is a Trustee and a "fiduciary" of the Funds as that term is defined in ERISA; and

**WHEREAS**, Industrial Transport is an Ohio corporation with its principal place of business located in the State of Ohio; and

**WHEREAS**, Industrial Transport is bound by a series of collective bargaining agreements executed by and between it and Local Union No. 299 of the International Brotherhood of Teamsters and pursuant to such Collective Bargaining Agreements and/or the Funds' Participation Agreements, and the Funds' Trust Agreement and Plan under which it is required to pay contributions to the Funds on behalf of certain of its employees (hereinafter the "Agreements"); and

**WHEREAS**, Industrial Transport owes delinquent employer contributions and interest to the Pension Fund for the period of May 2007 through January 2008 in the amount of $67,267.49 and to the Welfare Fund in the amount of $2,346.13 for the period

of December 26, 1999 through December 30, 2000 based on employer-reported work history (hereinafter "Delinquency"); and

**WHEREAS**, on January 29, 2008, the Funds commenced a civil action against Industrial Transport in the United States District Court for the Northern District of Illinois entitled <u>Central States, Southeast and Southwest Areas Pension Fund, et al. v. Industrial Transport, Inc.</u>, Case No. 08 C 0635, for the collection of the Delinquency, plus interest, liquidated damages, audit costs, and attorney's fees and costs owed to the Funds (hereinafter the civil action is referred to as the "Lawsuit"); and

**WHEREAS**, the Funds and Industrial Transport now desire to compromise and settle all claims pertaining to the Delinquency and the Lawsuit.

**NOW THEREFORE**, in consideration of the mutual promises, agreements, and covenants contained herein, the Funds and Industrial Transport do hereby promise, covenant, and agree as follows:

1. Industrial Transport shall pay to the Funds the total amount of Seventy-Six Thousand Six Hundred Thirteen and 62/100 Dollars ($76,613.62) payable in four (4) monthly installment payments as follows: (1) March 15, 2008 in the amount of $23,204.54; (2) April 15, 2008 in the amount of $23,204.54; (3) May 15, 2008 in the amount of $23,204.54; and (4) June 15, 2008 in the amount of $7,000.00 (consisting of twenty-five percent (25%) of the liquidated damages in the amount of $5,000 and attorneys' fees and costs in the amount of $2,000.00). The Funds hereby confirm receipt of the first monthly installment payment for March 15, 2008 in the amount of $23,204.54.

2. Industrial Transport will timely pay its subsequently arising obligations to the Funds including its ongoing monthly contributions to the Funds, beginning with the February 2008 contributions due on March 15, 2008. During the period of March 15, 2008

through June 15, 2008, if Industrial Transport is late with any payment required by this Agreement, including contributions for any month beginning with the February 2008 contributions due March 15, 2008, Industrial Transport will be in default of this Agreement and the remaining balance owed under paragraph 1 shall be immediately due and payable. In addition, Industrial Transport shall be required to pay the full amount in liquidated damages and any additional attorneys' fees that would be owed to the Funds if a judgment was entered in the Lawsuit on the date of this Agreement. Additionally, Industrial Transport will be responsible for the payment of all attorneys' fees and costs incurred by the Funds to enforce this Agreement as well as liquidated damages and interest on any past due monthly contributions that are past due at the time of the default.

3.   Industrial Transport waives any and all rights, claims, counterclaims, demands, actions, defenses, and damages to the Delinquency and the Lawsuit.

4.   Industrial Transport hereby warrants and represents that it properly made its contributions to the Funds and that Industrial Transport has no reason to believe that its contribution history and contributions have been understated to the Funds.

5.   Pursuant to the warranties and representations in paragraph 4, the Funds agree that the full and timely payment of the amount described in paragraph 1 shall satisfy any and all claims that the Funds or anyone acting through or on behalf of the Funds has or may have against Industrial Transport with respect to the Delinquency and the Lawsuit; provided however, that this Settlement Agreement shall not preclude any other rights, claims, counterclaims, demands, actions, defenses, damages, and judgments that the parties have or may have against the other being expressly reserved and specifically excluded from this Agreement, including without limitation, the (i) right of the Funds to hereinafter conduct a payroll audit of the records of Industrial Transport for any unaudited

period for the purpose of verifying that the contribution history or contribution base units of Industrial Transport is accurate or understated; (ii) the right of the Funds to collect contributions for any unaudited period; (iii) the right of the Funds to determine an amount of withdrawal liability and to collect an amount of withdrawal liability now or hereafter due or determined due from Industrial Transport or any other person or entity in the event Industrial Transport withdraws from the Pension Fund, pursuant to 29 U.S.C. §§1001-1461; and (iv) the rights of Industrial Transport, its successors and assigns, to raise any claims, counterclaims, demands, actions, defenses, damages against the Funds as to matters excluded from the Lawsuit.

6. The recitals of this Agreement are hereby incorporated into and made a part of this Agreement by reference thereto as if fully restated herein.

7. An Order of Dismissal without prejudice shall be presented for entry in the Lawsuit.

8. This Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with the laws of the State of Illinois without regard to its choice of laws principles.

9. The parties hereto have been represented by and consulted with their respective attorneys in connection herewith, and they have read, understand, and intend to be bound by this Agreement and all terms and conditions contained herein.

10. This Settlement Agreement may be executed in separate counterparts, which when taken together shall form and constitute the parties' entire agreement.

11. This Settlement Agreement represents the entire understanding between the parties and cannot be changed or amended, except by a written agreement, signed by all of the parties, and attached to this Settlement Agreement.

**IN WITNESS WHEREOF** the parties by their authorized representatives have executed this Agreement on the date entered above.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, AND HOWARD MCDOUGALL, TRUSTEE**

By: ___[signature]___

Title: Group Manager, Operations Accounting

Date: 4/8/08

**INDUSTRIAL TRANSPORT, INC., AN OHIO CORPORATION**

By: ___Truttie Harris___

Title: ___President & CEO___

Date: ___4-9-08___