# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, AND HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>  v.<br><br>INDUSTRIAL TRANSPORT, INC., an Ohio corporation,<br><br>    Defendant. | Case No. 08 C 0635<br><br>Honorable George W. Lindberg<br>District Judge |

## JUDGMENT ORDER

At Chicago, Illinois, in the District and Division aforesaid, before the Honorable George W. Lindberg, District Judge.

This cause coming to be heard this 25th day of June, 2008, on Plaintiffs' Motion for Entry of Judgment Pursuant to Settlement Agreement and Limited Release against Industrial Transport, Inc., an Ohio corporation (hereinafter "Industrial Transport"), it appearing to the Court that Defendant Industrial Transport has defaulted on the terms of the Settlement Agreement and Limited Release with Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (hereinafter "Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund (hereinafter "Welfare Fund"), and Howard McDougall, trustee, the Court having considered Plaintiffs' Motion and supporting affidavits and exhibits and the evidence introduced by Plaintiffs, wherefore;

**NOW THEREFORE**, the Court makes the following findings of fact and conclusions of law:

1.      That this Court has jurisdiction of the action.

2.      That Industrial Transport is subject to various collective bargaining agreements between it and Local Union No. 299 affiliated with the International Brotherhood of Teamsters pursuant to which it is required to make contributions to the Welfare Fund and the Pension Fund on behalf of certain of its employees.

3.      That Industrial Transport is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(c) of ERISA.

4.      That Industrial Transport is in default of the Settlement Agreement and Release (hereinafter "Settlement Agreement") through Defendant's failure to make payments required under the Settlement Agreement to the Pension Fund.

5.      That Industrial Transport is indebted to Pension Fund in the total amount of $47,339.52, consisting of: (i) delinquent employer contributions in the amount of $35,629.21; (ii) interest in the amount of $179.47; (iii) liquidated damages in the amount of $71,25.84; (iv) attorneys' fees in the amount of $4,000.00; and (iv) costs in the amount of $405.00 pursuant to 29 U.S.C. § 1132(g)(2).

6.      That Plaintiffs are entitled to entry of judgement in favor of Plaintiffs and against Industrial Transport.

7.      That specifically excluded from this Judgment are: (i) right of the Pension Fund to hereafter conduct a payroll audit of the records of Industrial Transport for any unaudited period ("unaudited period") for the purpose of verifying that the contribution history or contribution base units of Industrial Transport are accurate or understated, including without limitation, the period of January 2008 through April 2008; (ii) the right of

the Pension Fund to collect contributions (and interest) for any unaudited period, including without limitation, the period of January 2008 through April 2008; and (iii) the right of the Pension Fund to determine an amount of withdrawal liability and to collect an amount of withdrawal liability now or hereafter due or determined due from Industrial Transport or any other person or entity pursuant to 29 U.S.C. §§1001-1461.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

A.    That judgment is entered in favor of the Central States, Southeast and Southwest Areas Pension Fund, the Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee and against Defendant Industrial Transport, Inc., an Ohio corporation in the amount of $47,339.52 to the Central States, Southeast and Southwest Areas Pension Fund pursuant to 29 U.S.C. § 1132(g)(2).

B.    That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

C.    Specifically excluded from this judgment and not barred under claim preclusion are any claim for employer contributions (or interest and statutory damages thereon) for any period of time on behalf of employees whose work history was not reported or was inaccurately reported to the Pension Fund.

D.    That Plaintiffs are awarded execution for the collection of the judgment and costs granted.

E.    That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

Enter:

Dated: _____                    _____
                                            United States District Judge

Order prepared by
attorney for Plaintiffs:

Anthony E. Napoli
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3702

F:263744 / 08111729 / 6/4/08